IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIAN SCOTT,<br>      Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-05-2174 |
| | : | |
| | : | (Judge Jones) |
| BUREAU OF IMMIGRATION AND<br>CUSTOMS ENFORCEMENT, ET AL.,<br>      Respondents | :<br>:<br>: | |

## MEMORANDUM AND ORDER

May 10, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Julian Scott ("Petitioner" or "Scott"), a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") presently confined at the York County Prison, in York, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Named as Respondents are the ICE and its Regional Field Office Director. Service of the Petition was previously ordered.

Scott's Petition does not offer any details regarding his personal background. Rather, the Petitioner states only that a deportation order "was issued on Sept. 1st, 2004" and he has been in detention "for approximately 19 months." (Rec. Doc. 1 at 1). His present action does not challenge the legality of his deportation but, rather, he claims that his continued detention pending removal is unconstitutional. Petitioner

contends that he has been subjected to a prolonged detention because ICE refuses to afford him meaningful review due to the issuance of a stay of removal order. (Rec. Doc. 1 at 1). Consequently, Scott maintains that his indefinite detention in ICE custody while awaiting deportation violates his due process rights. He asks that this Court grant him supervised release based on the standards set forth in Zadvydas v. Davis, 533 U.S. 678 (2001).

According to undisputed documents submitted by the Respondents, Scott is a native and citizen of Jamaica who entered the United States on April 5, 2001 as a "nonimmigrant temporary worker." (Rec. Doc. 7 at 2). He was given permission to remain in this country until November 1, 2001. Petitioner was convicted of delivery of a controlled substance on March 9, 2004 in the Northampton, Pennsylvania County Court of Common Pleas. As a result of his criminal conviction and failure to depart upon expiration of his authorized stay, the ICE commenced removal proceedings.[1]

By Order dated April 13, 2004, an Immigration Judge ("IJ") ordered Scott's removal from the United States. An appeal to the Board of Immigration Appeals ("BIA") was dismissed on September 1, 2004. Petitioner next filed a petition for writ of habeas corpus challenging his removal with the United States District Court for the

---

[1] Specifically, an initial Notice to Appear ("NTA") dated August 20, 2003 charged Scott under 8 U.S.C. § 1227(a)(1)(B) as being a non-immigrant who remained in the United States for a period longer than permitted. (Rec. Doc. 7, Exhibit C). An amended NTA which was issued after his Pennsylvania state conviction additionally alleged that Petitioner was also subject to removal as being an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii) and as having been convicted of a controlled substance under § 1227(a)(2)(B)(I). (Rec. Doc. 7, Exhibit D).

Eastern District of Pennsylvania. On September 21, 2004, the Eastern District granted Scott's motion for a stay of removal pending disposition of his petition.

After conducting a custody review, the ICE's Acting Field Office Director Thomas Decker issued a written decision dated December 20, 2004 which continued Scott's detention on the grounds that the Jamaican Consulate was willing to issue a travel document and Scott's removal was imminent except that he was granted a stay. (Rec. Doc. 7, Exhibit I). He was also notified that if his stay was not lifted within one (1) year he would be afforded a Post Order Custody Review ("POCR").

On June 20, 2005, the Eastern District transferred Petitioner's action to the United States Court of Appeals for the Third Circuit, presumably pursuant to the recently enacted REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005). His petition is apparently still pending before the Third Circuit Court of Appeals and the stay of removal issued by the Eastern District remains in effect.

The present habeas corpus petition was initiated by Scott on October 25, 2005. On December 2, 2005, Decker issued a written decision following Petitioner's second POCR which again continued his detention. This recent POCR ruling reiterated that the Eastern District's stay was still in effect and Scott's initial habeas corpus petition was still under consideration by the Third Circuit Court of Appeals. The decision also observed that the Jamaican Consulate remained willing to issue a travel document and that Scott had been convicted of delivery of cocaine. In addition, Decker's POCR decision noted that Petitioner had been afforded a panel interview

during which he "was not forthright regarding the circumstances of your arrest and conviction" and therefore was considered a flight risk. (Rec. Doc. 7, Exhibit J). Based on the above factors, it was determined that Scott should remain in ICE custody. The decision concluded by advising Petitioner that if his stay was not lifted within one year, or if he was not removed within ninety (90) days of the lifting of the stay, he would be scheduled for another POCR.

Respondents argue that Scott is not entitled to federal habeas corpus relief because his post final order detention is permissible, he has been afforded a sufficient custody review, and the Jamaican Consulate has indicated its willingness to issue Petitioner a travel document upon the lifting of the stay of removal.

**DISCUSSION**:

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory.[2] At the conclusion of the ninety (90) day period,

---

[2] Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

    (i) The date the order of removal becomes administratively final.

    (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

    (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90
(continued...)

4

the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) & (6).

In Zadvydas, the United States Supreme Court addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the ninety (90) day removal period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. Furthermore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 701.

The Supreme Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. It stated that not every alien must be released after six (6) months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is

---

² (...continued)
    day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§1231(a)(3) & (6).

5

no significant likelihood of removal in the reasonably foreseeable future." Id. The Zadvydas holding was limited to removable aliens. In Clark v. Martinez, 543 U.S. 371, 386 (2005), the Supreme Court extended protection under Zadvydas to provide relief regardless of whether the applicant is a removable or an inadmissible alien.

Respondents assert that since there is a stay of removal in effect, under § 1231(a)(1)(B)(ii) the removal period is tolled and will begin anew when the Third Circuit Court of Appeals lifts the stay. As a result, Scott "is not eligible for release at this time." (Rec. Doc. 7 at 6). They note that Petitioner can obtain his release by simply requesting that the stay be lifted, thereby freeing the ICE to effect his removal. In the alternative, Respondents maintain that Scott has been afforded a meaningful individualized custody review as contemplated under Haynes v. Department of Homeland Security, 2005 WL 1606321 (M.D. Pa. July 8, 2005)(Vanaskie, C.J.).

Petitioner argues that he was only given "2 file-perfunctory-custody-reviews" in December, 2004 and December, 2005, where he was denied release solely based upon his criminal conviction. (Rec. Doc. 10 at 5). Consequently, Scott asserts that Haynes was not satisfied because he has not been afforded a fair assessment of his eligibility for release. He adds that his removal is not foreseeable due to a congested docket in the Court of Appeals and that his incarceration for twenty-two (22) months while contesting his removal order is unreasonable.

This Court recently addressed a similar scenario in Morena v. Gonzalez, 2005 WL 3277995 (M.D. Pa. Dec. 2, 2005)(Jones, J.). Morena, like the present case,

involved a challenge to continued detention pending removal by an alien convicted of an aggravated felony whose removal could be easily obtained but for the issuance of a judicial stay. In that matter, this Court initially concluded that Morena's removal period had "not yet begun" under the "plain language" of § 1231(a)(1)(B)(ii), which states the removal period does not begin to run in cases where a judicial stay has been granted until the court renders a final decision. See id. at *3. This conclusion is equally applicable in the present case.

Specifically, since Scott is seeking judicial review of an administrative order of removal and has obtained a stay, under § 1231(a)(1)(B)(ii) the removal period does not begin to run until the court, in this case the Third Circuit Court of Appeals, has issued a final order. During the interim, Petitioner, having been convicted of an aggravated felony, is still subject to the 8 U.S.C. § 1226 mandatory detention provisions.[3] Therefore, his present detention is constitutionally permissible and his present claim of indefinite detention is premature because the removal period has not yet begun to run.

Petitioner also asserts that the ICE has not afforded him with a meaningful custody review as contemplated under Haynes. As noted earlier, the ICE conducted custody review in Scotts case in December, 2004 and December, 2005. If his stay is still in place, he will receive another such review in December, 2006.

---

[3] An alien convicted of an aggravated felony or violating controlled substance laws is subject to mandatory detention during administrative removal proceedings under 8 U.S.C. § 1226(c). See Demore v. Kim, 538 U.S. 510, 531 (2003).

7

The recent December, 2005 custody review conducted by the ICE included a panel interview, file review, assessment that Petitioner was a flight risk, and an observation that the Jamaican Consulate would still issue a travel document. Thus this case is factually distinguishable from Haynes wherein the ICE failed to conduct a personal interview of the alien during its custody review. As was the case in Morena, the present Petitioner is not "entitled to any greater reviews than those that ICE has already provided him." Morena, 2005 WL 3277995 at * 5. Based on a review of the written determination issued by Acting Field Director Decker following Scott's most recent December, 2005 ICE custody review, this Court is satisfied that Petitioner was provided with sufficient due process since his removal period has not yet begun to run.

In conclusion, Scott, as an aggravated felon who has obtained a stay of removal is still subject to the mandatory detention provisions of § 1226. Second, the Petitioner's removal period has not yet begun to run and his continued detention does not violate due process.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is DENIED.
2. The Clerk of Court is directed to CLOSE this case.

_____
John E. Jones III
United States District Judge